**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PATRICIA A. SCOTT,

        Plaintiff,

vs.                                      Case No. 3:08-cv-229-J-32JRK

JACKSONVILLE TRANSPORTATION
AUTHORITY,

        Defendant.

## ORDER[1]

Pro se plaintiff Patricia A. Scott brings this disability discrimination case under Title II of the Americans with Disabilities Act (ADA) and (possibly) under state law for claims sounding in negligence. Scott alleges that she suffers from a disability which requires her to use a wheelchair and that the defendant Jacksonville Transportation Authority (a municipal agency operated by the City of Jacksonville) (hereinafter "JTA") discriminated against her because of her disability on multiple occasions between June 2, 2006 and May 19, 2008 when JTA bus drivers refused to operate the bus ramp so Scott could board the bus or by operating the ramp improperly, such that Scott was unable to use it. Scott claims she suffered injuries on some of these occasions and her wheelchair was damaged by JTA bus drivers.

---

[1]Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

The case is now before the Court on the JTA's Motion to Dismiss Scott's Second Amended Complaint (Doc. 27), to which Scott filed a response in opposition (Doc. 31). The JTA raises several grounds for dismissal. First, as to its claim that Scott's Amended Complaint should be dismissed for failure to meet the minimal pleading standards of Rule 8 of the Federal Rules of Civil Procedure, the Court finds Scott's complaint to be adequate under the law and notes that the JTA was able to respond to Scott's similar first amended complaint by filing an answer to it.[2] See Docs. 17 (Amended Complaint), 19 (Answer).

Second, as to the JTA's claim that Scott has failed to set forth a claim for relief under the ADA, the Court again finds Scott's allegations adequately provide a factual basis to support each of the elements of an ADA claim under Title II: Scott alleges she is a physically handicapped person who uses a wheelchair and whose painful medical condition prevents her from stepping up or down, thereby requiring use of a ramp to enter or exit a bus[3]; that on numerous occasions between June 2, 2006 and May 19, 2008, the JTA excluded her from using public transportation when its bus drivers failed to operate the handicapped ramp

---

[2] See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (quotations and citations omitted). Scott, whose pleadings as a pro se party are to be liberally construed, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), has plead sufficient factual matter to put the JTA on notice as to the substance of her claim. The Court recognizes that one of the JTA's affirmative defenses (the eighth) was that Scott's Amended Complaint failed to meet the Rule 8 pleading standard. See Doc. 19 at 3. Nonetheless, several of the JTA's other affirmative defenses indicate that the JTA was able to discern the substance of Scott's claim.

[3] For purposes of review on a motion to dismiss, the Court is not troubled by Scott's failure to provide a named diagnosis for her disability (stating only that she has a physical handicap, uses a wheelchair, and has a painful medical condition). She is advised, however, that more information may be required at later stages of this litigation.

or used it improperly and/or failed to secure Scott's wheelchair once she was on board the bus; and that the JTA's actions in excluding her from using public transportation were as a result of her disability. Further, Scott seeks injunctive relief here (see Second Amended Complaint at ¶¶ 36-40). Thus, Scott has adequately stated a claim for relief under the ADA. To the extent Scott may also be seeking compensatory damages, there is some authority to suggest that such relief could be available if Scott proves intentional violations (which the conduct alleged might support), see, e.g., Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998), or it may be that such relief is tied to Scott's claims which appear to sound in negligence.

Third, while Scott may not have fully complied with the ADA's provision which requires her to provide notice to the relevant state or local authorities in public accommodations cases brought against public entities (42 U.S.C. § 2000a-3(c), incorporated by 42 U.S.C. § 12188(a)(1)) or with the pre-notice suit requirements under Florida Statute section 768.28 for asserting state tort claims, Scott does reference contact with the JTA's "established grievance mechanism" which she claims resulted in threats of harassment. See Second Amended Complaint at ¶ 37. However, without determining whether this reference satisfies either notice requirement, the Court has the authority to stay civil rights actions pending state or local enforcement efforts, which is exactly what the Court intends to do here. See 42 U.S.C. § 2000a-3(c). Moreover, the JTA has had notice of this suit since at least April 4, 2008 when its counsel filed a notice of appearance. Other than requiring Scott to amend her pleadings, very little activity has taken place in this case, largely due to the Court's own heavy calendar which precluded it from addressing this matter sooner. In any event, the City

has suffered little prejudice by being a party to this action and the Court finds that under the circumstances of this case, any failure to provide adequate notice is not a basis to dismiss this suit, but rather, counsels toward a stay.

Finally, while the JTA is correct that Scott does have a history of filing frivolous litigation with this Court, each case must stand or fall of its own merit. Here, the Court granted plaintiff leave to proceed in forma pauperis, thereby recognizing that her claim met the minimal pleading threshold to survive the jurisdictional and frivolity review the law requires to grant such a motion. See 28 U.S.C. § 1915(a)(1); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Doc. 8 (Order granting in forma pauperis status).

Accordingly, it is hereby

**ORDERED**:

The City's Motion to Dismiss Second Amended Complaint (Doc. 27) is **denied**.[4] However, the Court intends to stay further activity pending a status conference before the Magistrate Judge at which the parties shall discuss how plaintiff shall most efficiently comply with any remaining notice requirements and at which the parties shall discuss their amenability to engaging in early settlement discussions. The Magistrate Judge will issue a separate Notice to set the conference. The Clerk shall administratively close this file while the parties comply with these directives.

---

[4]The City's motion also sought a stay of other case management deadlines pending decision on the motion to dismiss, which relief the Court granted by earlier Order. See Doc. 30.

4

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of September, 2009.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

Hon. James R. Klindt
United States Magistrate Judge

counsel of record
pro se plaintiff